# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM MONROE, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | | A-08-CA-457-SS |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Dept. of § | | |
| Criminal Justice-Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 16); Petitioner's response thereto (Document 17); Petitioner's amendment (Document 18); and Petitioner's Affidavit (Document 30). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, in cause

number 993517, styled The State of Texas v. William Monroe. Petitioner was convicted of aggravated sexual assault of a child, under 14 years of age, after pleading guilty without a plea bargain. As a result, he was sentenced to 10 years in prison.

Petitioner attempted to appeal his conviction. However, his appeal was dismissed for lack of jurisdiction, because Petitioner had waived his right to appeal. Petitioner also challenged his conviction in a state application for habeas corpus relief. On May 7, 2008, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Ex parte Monroe, Appl. No. 69,678-01.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. There was insufficient evidence to support the finding of guilt;

2. His defense counsel was ineffective because counsel failed to:

    a. pursue or secure a hearing as to whether the evidence of guilt was reliable;

    b. challenge the veracity of the indictment;

    c. challenge the state's improper presentation of unproven, extraneous bad acts;

    d. develop any strategy, and rather focused only on the plea bargain, and threatened Petitioner that he should plead guilty or get 30-years imprisonment;

    e. instruct Petitioner of his right to withdraw his guilty plea once the bargain changed from 5 years to 10 years; and

    f. challenge the state's breach of its plea offer;

3. His guilty plea was involuntarily made because the indictment was fatally defective and void, due to the amendment; and

4. He was denied the right to appeal.

Petitioner argues for the first time in his affidavit, filed on May 15, 2009, almost a year after he filed his federal application, that he suffered from a stroke while in Travis County, Texas. Petitioner contends he never would have pleaded guilty if he had not had a stroke.

**C.     Exhaustion of State Court Remedies**

Respondent contends that Petitioner has failed to exhaust his state court remedies with regard to his allegations that his attorney was ineffective for not procuring a hearing over the evidence that showed the victim was over 14 at the time of the offense and for not challenging the state's presentation of his extraneous bad acts. Respondent also contends that Petitioner cannot rely on the documentary evidence found in his affidavit dated June 1, 2008, or the statement allegedly made by the victim, dated April 23, 2008, because he failed to present those documents to the highest state court in Texas. Respondent concludes these allegations and evidence are procedurally defaulted. The Court notes Petitioner also has not presented his most recent claim regarding his stroke to the state courts.

Petitioner's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043

(1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claims.

**D.** **Statute of Limitations**

Respondent also argues Petitioner's application is barred by the one-year limitations period. Respondent contends that because Petitioner waived his right to appeal the limitations period began the day he was sentenced. Because the Fifth Circuit has yet to hold that the limitations period begins the day of sentencing in cases where the petitioner waives his right to appeal, the Court should deny Respondent's request that Petitioner's application be dismissed as time-barred and address the merits of Petitioner's claims.

4

## DISCUSSION AND ANALYSIS

A. **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.     Sufficiency of the Indictment and the Evidence**

"The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." McKay v. Collins, 12 F.3d 66, 68 (5th Cir.), cert. denied, 553 U.S. 854, 115 S. Ct. 157 (1994); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993). "For an indictment to be 'fatally defective,' no circumstances can exist under which a valid conviction could result from facts provable under the indictment." Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988), cert. denied, 489 U.S. 1086, 109 S. Ct. 1546 (1989). State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court. Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), cert. denied, 512 U.S. 1289, 115 S. Ct. 42 (1994). However, consideration of the sufficiency of an indictment is foreclosed in federal proceedings if the state's highest court has determined that the indictment is sufficient. Yohey, 985 F.2d at 229; Morlett, 851 F.2d at 1523.

In the present case, Petitioner raised the insufficient indictment claim in his state application for habeas corpus review. The Texas Court of Criminal Appeals denied Petitioner's application without written order. The Texas Court of Criminal Appeals in declining to grant relief has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose. McKay, 12 F.3d at 68 (citing Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985)). Accordingly, this Court is precluded from finding that the indictment was so defective that it divested the state trial court of jurisdiction.

Petitioner is also precluded from challenging the sufficiency of the evidence after pleading guilty. Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973). By entering a guilty plea, Petitioner waived his right to demand any constitutionally-sufficient evidence to sustain his conviction. United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757 (1989). State courts are under no federal constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed. Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986). Thus, the rule in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979), which mandates sufficient evidence from which a rational fact finder could find guilt beyond a reasonable doubt, is inapplicable to convictions based on a guilty plea. Smith, 786 F.2d at 702.

Moreover, Petitioner's argument is without merit. Petitioner argues the complainant was not younger than 14 at the time of the offense. Petitioner indicates the complainant's date of birth is August 29, 1983. See Exhibit A to Petitioner's Application. The original indictment provided the offense occurred on or about November 7, 1998. At that time, the complainant was over the age of 14. However, Petitioner fails to recognize that the indictment was amended to reflect the date of the

7

offense was on or about June 15, 1997. Tr. at 4. At that time, the complainant was younger than 14. Petitioner pleaded guilty to the amended indictment. Arraignment at 14.

**C.     Ineffective Assistance of Counsel**

Petitioner argues he received ineffective assistance of counsel in that counsel failed to: (1) pursue or secure a hearing as to whether the evidence of guilt was reliable; (b) challenge the veracity of the indictment; (c) challenge the state's improper presentation of unproven, extraneous bad acts; (d) develop any strategy, and rather focused only on the plea bargain, and threatened Petitioner that he should plead guilty or get 30-years imprisonment; (e) instruct Petitioner of his right to withdraw his guilty plea once the bargain changed from five to ten years; and (f) challenge the state's breach of its plea offer.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

Trial counsel provided his affidavit on state habeas review. Ex parte Monroe, Appl. No. 69,678-01 at 113-16. Counsel attested:

> The Prosecuting attorney for the State of Texas, Rrachelle Douglas, offered a plea bargain to the Defendant in the months leading up to trial of five years in the Institutional Division of the Texas Department of Criminal Justice. The Defendant repeatedly turned down that offer.
>
> I prepared for trial and we actually started a trial before the Court, based on the decision of the Defendant Monroe. He was not eligible for probation and decided he did not want a jury trial, but a trial before the Court.
>
> As the prosecuting attorney for the State of Texas was conducting direct examination of the State's first witness, the Defendant, Monroe, turned to me and said, "will they still offer the five years?" I interrupted the proceedings and asked for a moment with the prosecuting attorney. Her response was that no, she would no longer offer five years in prison, but her offer would now be ten years in prison. Her reasoning was that she had put in many hours preparing for trial and that her case had only gotten better, and not worse. The Defendant chose to accept that offer of 10 years in prison. There was no coercion or threats made by myself in any way to accept a plea deal.

9

> The Defendant's version of events in Court is so far from the truth it is laughable. He accepted a ten year sentence before the Defendant ever let me ask a question of the first witness on cross examination.
>
> I most certainly informed the Defendant of the consequences of his guilty plea including, but not limited to, sex offender registration, as well as the instant offense being a 42.12(3)(g) offense for which he would have to do a minimum of his time before even being eligible for parole.
>
> The Defendant denied any mental problems, and none were evident in the many months of representation.

Id.

The state habeas court, after considering counsel's affidavit, found that counsel was credible and Petitioner had been provided adequate assistance of counsel. Id. at 117-19. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

Moreover, in the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). "[O]nce a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied sub. nom, Smith v. McKaskle, 466 U.S. 906, 104 S. Ct. 1685 (1984).

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); and

Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985), cert. denied, 474 U.S. 838 (1985). For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him, and "the consequences" of a guilty plea, respectively. United States v. Briggs, 939 F.2d 222, 227 (5th Cir. 1991) and United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990), cert. denied, 498 U.S. 1093 (1991). A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect. James v. Cain, 56 F.3d at 666 (citing Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 503 U.S. 988 (1992)).

The transcript of the arraignment reflects the State was getting ready to question its first witness when Petitioner turned to his counsel and stated he would like to take the State's five-year offer. Arraignment at 3, 7. Counsel indicated the State was no longer willing to offer the five years but would instead allow Petitioner to enter an unnegotiated plea of guilty. Id. The trial court stated it would allow Petitioner to enter an unnegotiated plea, but it would certainly not sentence Petitioner to five years, because he had already rejected that offer. Id. at 4. The trial court allowed the witness to step down from the stand to allow the parties time to resolve the issue. Id. at 5. Counsel for Petitioner informed the Court that the State had offered a plea agreement of 10 years the morning of trial and his client was hoping for less time. Id.

Petitioner was brought before the Court. Id. at 7. The trial court confirmed that Petitioner understood he had been charged with the offense of aggravated sexual assault of a child. Id. at 8. Petitioner waived the reading of the indictment. Id. Petitioner pleaded guilty to aggravated sexual assault of a child. Id. at 9. The trial court admonished Petitioner that the range of punishment was 5 to 99 years to life in the penitentiary. Id. The trial court also confirmed Petitioner's understanding

that any recommendation made by the State as to his punishment was not binding upon the Court. Id. at 10. The trial court offered Petitioner the option of pleading pursuant to a plea bargain agreement for 10 years in prison or pleading without a plea bargain agreement in which case the trial court could sentence Petitioner to 5 years to life in prison and a fine up to $10,000. Id. at 11. Petitioner stated he wished to "plead unnegotiated." Id. The trial court confirmed Petitioner still wanted to plead guilty. Id. at 13.

The prosecutor read the amended indictment, charging Petitioner with aggravated sexual assault of a child. id. at 14. Specifically, she read "that on or about the 15th day of June, 1997, William Monroe, in the County of Travis, State of Texas, did intentionally knowingly cause the penetration of the female sexual organ of [the victim], a child who was then and there younger than 14 years of age, by the defendant's sexual organ." Id. at 14-15. Petitioner indicated the charge was true. Id. at 16-17. The trial court confirmed that Petitioner was pleading guilty because he was guilty and for no other reason. Id. at 18-19.

Trial counsel also questioned Petitioner. Id. at 20. Counsel asked whether the decision to plead guilty was Petitioner's decision and whether anyone forced Petitioner to make that decision. Id. at 20.

Before pronouncing Petitioner's sentence, the trial court once again confirmed that Petitioner was stating under oath that everything the prosecutor read to him was true and correct as alleged in the indictment. Id. at 22. The trial court further confirmed that Petitioner understood that he was pleading guilty to aggravated sexual assault of a child. Id. The trial court subsequently accepted Petitioner's guilty plea and sentenced Petitioner to 10 years in prison. Id. at 23, 30-31.

Petitioner's ten-year sentence was well within the range of punishment for his offense. For sexually assaulting a child under the age of 14, a first-degree felony, Petitioner faced a punishment range of 5 to 99 years or life imprisonment, with a maximum fine of $10,000. TEX. PENAL CODE ANN. § 12.42(b).

Contrary to Petitioner's assertions, the State did not change its plea bargain offer from five to ten years after Petitioner pleaded guilty. The record is clear that Petitioner rejected both plea offers and he entered an unnegotiated plea. Similarly, the record makes clear that the State did not breach its plea offer.

Petitioner has not presented this Court with any credible evidence establishing that his plea was not voluntarily, knowingly or intelligently entered. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

### C.  Right to an Appeal

Petitioner contends he was denied the right to appeal, because counsel failed to present any issues on his behalf. However, the record is clear that Petitioner waived his right to appeal. Tr. at 234, 259. Additionally, the record indicates Petitioner did file an appeal, but the appeal was dismissed due to his waiver. Tr. at 267. Petitioner's claim is simply without merit.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE